# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LEONARD GREENBERG,**

      **Plaintiff,**

-vs-                                                                                                      **Case No. 6:10-cv-341-Orl-18KRS**

**MCKINLEY PROPERTIES, T.J. JENKINS,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 9)**
>
> **FILED: March 16, 2010**

## I. PROCEDURAL HISTORY.

On March 3, 2010, Plaintiff Leonard Greenberg, appearing *pro se*, filed a complaint against Defendants McKinley Properties and T.J. Jenkins. Doc. No. 1. On March 16, 2010, Greenberg filed an amended complaint against the Defendants. Doc. No. 8. In the amended complaint, Greenberg purportedly seeks to "be removed from my lease." *Id.* at 2. He alleges, among other things, that "the federal government such as federal housing sec. 8 program that clearly states that the renter has the right to peace after such time of the night or before such time in the morning. It is required by state

law and federal laws to also live in a clean and safe envi[r]o[n]ment without fear." *Id.* at 4. He further alleges that McKinley Properties owns the place where he lives and that T.J. Jenkins is the property manager. He asserts that Defendants are aware of "noise, stabbings, killing of human life" and other problems with the maintenance of the property. *Id.* at 4, 6, 7. Greenberg also filed a renewed motion to proceed *in forma pauperis*. Doc. No. 9.

## II.    STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Greenberg's amended complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil

Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

**III. ANALYSIS.**

As an initial matter, Greenberg does not specify any federal constitutional or statutory provisions that he alleges the Defendants violated. He mentions the "federal housing sec. 8 program" and the "United States Federal Terrorism Act" and alleges that "[a]ny threats of violence should be taken seriously by law enforcement and the property owners of where the threats have been made and fully invest[i]gated by law enforcement on local, state and federal levels and shall be avoided under the [Act]." Doc. No. 8 at 4. He also attached Florida landlord-tenant statutes to the amended complaint. Doc. No. 8-1. Greenberg does not specify, however, the particular federal statutes that he alleges Defendants violated. I note that section 8 of the federal housing program, 42 U.S.C. § 1437f, does not provide for a civil cause of action by tenants to enforce the statute and there does not appear to be an implied cause of action. *See Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd.*, 792 F. Supp. 1566 (S.D. Fla. 1992). I do not know what Greenberg refers to as the "United States Federal Terrorism Act." As such, Greenberg has not alleged a basis for this Court to exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.

For the Court to exercise diversity jurisdiction over Greenberg's claims, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Greenberg does not make any allegations regarding his residency or the residency of either of the two Defendants. Nor does he allege the amount in controversy. His allegations are therefore insufficient for the Court to determine whether it should exercise diversity jurisdiction. Because the amended

complaint does not establish that this Court can exercise subject-matter jurisdiction in this case, it must be dismissed.

Furthermore, the allegations of Greenberg's amended complaint fail to set forth sufficient facts demonstrating that Greenberg is entitled to relief for the alleged wrongs. *See Iqbal*, 129 S. Ct. at 1949-50. In addition, Greenberg failed to separate the various causes of action into separate counts, to allege which of the Defendants is allegedly liable as to each cause of action, and what each Defendant did to cause harm to Plaintiff. Greenberg's amended complaint, therefore, fails to state a claim upon which relief can be granted.

The United States Court of Appeals for the Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should normally be given leave to amend. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)).

Should the Court determine that leave to amend should be granted a second time, Greenberg must set forth in his second amended complaint the specific statutory or constitutional basis for each of his claims, and shall set forth each claim in a separate count of the complaint. Fed. R. Civ. P. 10(b). If he contends that the Court could exercise diversity jurisdiction, he should allege the citizenship of each party and the amount in controversy. He should clearly describe how the Defendants are involved in each of the alleged violations. Generally, one cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated or directed such action and/or omission that resulted in the claimed injury. Also, Greenberg must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of Defendants) with respect to each claim.

Should the Court permit Greenberg to file a second amended complaint, it should also permit him to file a renewed motion to proceed without prepayment of fees with the second amended complaint.

## IV. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court:

1. **DENY** the motion to proceed *in forma pauperis* without prejudice, Doc. No. 9**;**

2. **DISMISS** the amended complaint without prejudice, Doc. No. 8;

3. **PERMIT** Plaintiff to file a second amended complaint and renewed motion to proceed in forma pauperis within twenty-one (21) days of the Court's order; and

4. **DIRECT** the Clerk to close the case if a second amended complaint is not timely filed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 31, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy